**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

RIGOBERTO GUILLEN FLORES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 15-71017

Agency No. A205-711-249

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Rigoberto Guillen Flores (Flores) petitions for review of the decision of the

Board of Immigration Appeal (BIA), determining that (1) he was convicted of a

particularly serious crime and therefore ineligible for asylum and withholding of

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and (2) he is ineligible for relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition in part and deny it in part.

1.     The BIA did not abuse its discretion in concluding that Flores's felony conviction of driving under the influence, Cal. Vehicle Code § 23152(A), was a particularly serious crime.  The BIA properly assessed the evidence and appropriately applied the factors set forth in *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982).  *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015).  Although Flores provides an alternative view of how the factors should be assessed, we cannot reweigh the evidence to determine whether Flores's conviction was a particularly serious crime.  *See id.*  We therefore dismiss for lack of jurisdiction Flores's claim concerning the BIA's "particularly serious crime" determination.  Accordingly, Flores is not eligible for asylum or withholding of removal.[1]  *See Arbid v. Holder*, 700 F.3d 379, 381 (9th Cir. 2012).

2.     Substantial evidence supports the BIA's conclusion that Flores was ineligible for relief under the CAT, because he failed to present evidence that (1) he would be tortured; (2) it was more likely than not that he would be tortured with

----

[1] Because Flores is ineligible for asylum, we need not address whether his asylum application was untimely.

the "consent or acquiescence" of public officials, *see* 8 C.F.R. § 208.18(a)(1); or (3) he could not relocate to another part of Mexico. Flores has not pointed to any evidence in the record that would compel "any reasonable factfinder to determine that the [BIA] erred in denying him relief under the CAT." *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1092 (9th Cir. 2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**